ROSEVILLE BOARD OF ELECTION COMMISSIONERS v
ROSEVILLE CITY CLERK

1. MUNICIPAL CORPORATIONS—ELECTIONS—PREPARATION OF BALLOTS—
    ELECTION COMMISSIONERS—CITY CLERK.
    The board of city election commissioners, not the city clerk, has
    the duty to prepare, print, and deliver the ballots to be used in
    a city election (MCLA 168.690, 168.719).

2. MUNICIPAL CORPORATIONS—ELECTIONS—INITIATORY PETITION—
    PREPARATION OF BALLOTS—ELECTION COMMISSIONERS—CITY
    CLERK.
    The refusal of a board of city election commissioners to place a
    properly certified initiatory petition seeking a charter revision
    on the ballot exceeded its statutory power, but the board
    could still properly enjoin the city clerk from usurping its
    lawful right to prepare and print the ballots (MCLA 168.690,
    168.719).

3. MUNICIPAL CORPORATIONS—ELECTIONS—INITIATORY PETITION—
    PREPARATION OF BALLOTS—CITY CLERK.
    The refusal of a board of city election commissioners to place a
    properly certified initiatory petition seeking a charter revision
    on the ballot did not authorize the city clerk to usurp the
    power and function of the board to prepare and print the
    ballots; the proper method by which the city clerk should
    proceed to effectuate his statutory mandate to submit the
    proposed amendment to the electorate is to seek a writ of
    mandamus against the board ordering that body to discharge
    its duty (MCLA 117.25, 168.690, 168.719).

Appeal from Macomb, Hunter D. Stair, J. Sub-
mitted Division 2 March 13, 1974, at Lansing.
(Docket No. 18506.) Decided May 29, 1974.

Complaint by the Roseville Board of Election
Commissioners against the Roseville City Clerk for

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 26 Am Jur 2d, Elections §§ 254, 255, 278.

mandamus to enjoin the defendant from distributing ballots. Counterclaim by defendant for mandamus against the board and for damages and injunctive relief against the other board members and other city officials. Mandamus issued against defendant. Defendant appeals. Affirmed and remanded for consideration of counterclaims.

*Dank, Peterson & Hay, P. C.,* for plaintiff.

*Jackson & Huson,* for defendant.

Before: HOLBROOK, P. J., and ALLEN and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. This appeal involves the question of respective duties of the city clerk and the city board of election commissioners with respect to an initiatory petition for a charter revision. While a complete detailing of the petty local politics which fomented this dispute is unnecessary, a brief chronology of the events which led to the present litigation and appeal is necessary.

In July of 1971, defendant city clerk received initiatory petitions containing 1128 signatures seeking to have placed before the electorate of the City of Roseville the question of whether that city should undertake a general charter revision. Defendant clerk, pursuant to the mandate of MCLA 117.25; MSA 5.2104, certified that there were sufficient valid signatures. The matter was then taken before the Roseville Board of Election Commissioners, a body created pursuant to MCLA 168.25; MSA 6.1025 and composed of three members, they being: defendant city clerk as chairman, the city attorney, and the city assessor. The board, appar-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

ently believing they had the power and the duty to pass upon the validity of an initiatory petition, refused by a vote of 2 to 1 to place the question on the August 1971 primary election ballot. Defendant city clerk, feeling that he had an affirmative duty to place the petition on the ballot, attempted to place the petition on that ballot despite the action of the board. At that point the other members of the board initiated an action in Macomb Circuit Court to enjoin defendant clerk from undertaking such an action. The circuit court issued an order enjoining defendant from placing the petition on the August 1971 primary election ballot. No appeal was taken from that order.

· In the meantime a request was made to the state Attorney General by the local state senator to determine the legality of the verbiage of the petition. While the Attorney General rendered his opinion that the language was proper in September 1971, apparently defendant city clerk was not apprised of that determination until June 1973. Upon becoming aware of the Attorney General's determination, defendant city clerk again brought the matter before the board of election commissioners. Again the board by a 2-to-1 vote refused to place the matter on the upcoming election ballot. Again defendant attempted to take matters into his own hands. Defendant ordered the printing of absentee ballots containing the initiatory petition question, and when the city purchasing agent refused to honor the purchase order, defendant paid for the printing out of his own pocket.

At this point the other two members of the board again brought a complaint for mandamus to enjoin defendant from distributing the ballots. Defendant filed a counterclaim for mandamus against the board and a counterclaim for damages

and injunctive relief against the other two board members and other Roseville officials. After a hearing on plaintiff board's complaint, a hearing which contained little reference to the defendant's counterclaims, the trial court indicated that he would issue mandamus to enjoin defendant from distributing the ballots containing the petition question. An order of judgment to that effect was issued and it is from that judgment defendant now appeals.

This appeal involves the very narrow legal question of whether defendant city clerk could be enjoined from distributing ballots which he had ordered to be printed, where said ballots involved a certified petition for a charter revision and the city board of election commissioners had refused to place said petition question on the ballot. It should be noted that defendant city clerk has raised no question on appeal with respect to total failure of the trial court to adjudicate the questions raised in the counterclaims.

Plaintiff board argues that they, not the city clerk, have the duty to prepare, print, and deliver the ballots to be used. In that assertion they are absolutely correct. See MCLA 168.690; MSA 6.1690, see also MCLA 168.719; MSA 6.1719. We would hasten to add that we find no support for the board's assertion that they have the power to refuse to place a properly certified initiatory petition on the ballot. Thus, while the board's refusal to place the petition on the ballot exceeded their statutory power, they could quite properly enjoin defendant city clerk from usurping their lawful right to prepare and print the ballots.

Defendant city clerk asserts that his action of ordering the printing of the ballots was a proper exercise of the mandate set forth in MCLA 117.25;

MSA 5.2104, which provides that with respect to a certified initiatory petition seeking a charter revision "the clerk shall cause the proposed amendment to be submitted to the electors of the city at the next regular municipal or general state election held in the city which shall occur not less than 90 days following the filing of the petition". Defendant would have this Court construe the language "shall cause the proposed amendment to be submitted to the electors" as authorizing his usurping the power and function of the board of election commissioners with respect to the preparation and printing of the ballots. We do not find that the language mandates that suggested construction. Clearly the proper method by which the city clerk should proceed to effectuate his statutory mandate is to seek a writ of mandamus against the board of election commissioners ordering that body to discharge its duty and to refrain from exceeding its statutory duty. This the clerk has now belatedly done; however, that question has not yet been passed upon by the trial court.

On the narrow question raised in this appeal we affirm the trial court; however, we remand to the trial court for consideration of the defendant's counterclaims. This Court retains no jurisdiction. No costs, a public question being involved.

All concurred.